**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DOROTHY CHAPPEL,** | : | **Case No. 1:06cv2135** |
| *Administratrix of the Estate of* | : | |
| *Brandon McCloud* | : | |
| | : | |
| Plaintiff, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | |
| **CITY OF CLEVELAND,** *et al.*, | : | **ORDER** |
| | : | |
| Defendants. | : | |

Currently before the Court is Plaintiff's *Motion to Substitute Expert Police Practice Report* ("Motion to Substitute") (Doc. 59), wherein Plaintiff seeks leave to substitute its current police practice expert, Angelo Pisani, with a new expert, Dr. James O'Keefe. The Defendants have filed an opposition to the Plaintiff's motion (Doc. 68), and the Plaintiff has filed a reply (Doc. 69). Subject to the limitations outlined herein, the Plaintiff's Motion to Substitute is **GRANTED**.

The Plaintiff seeks leave to substitute experts because her current expert, Angelo Pisani, recently disclosed that health concerns prohibit his continued involvement in this litigation. In short, Mr. Pisani attests in an affidavit (Doc. 59-2) that he has had a heart condition for six years, which he has controlled with medication. Due to the stress of working on this case, Mr. Pisani states that he has been experiencing symptoms related to his condition with increased frequency. As a result, he consulted with

his cardiologist, Dr. Antonio Caracta. Dr. Caracta explains in a letter (Doc. 59-3) that, due to the stress induced by Mr. Pisani's work on "police practices" cases, Dr. Caracta has advised Mr. Pisani to cease all work on such cases (including this one), and to take other measures to control his stress. Based on these items, the Plaintiff seeks leave to substitute a new expert for Mr. Pisani.

Principally, the Defendants oppose the Plaintiff's motion because it was filed so late in the game.[1] In short, they argue that, if granted (and assuming the Plaintiff would seek to rely on a new expert's opinions in opposing summary judgment), it will cause undue prejudice and expense to the Defendants because all of their efforts toward summary judgment to date have been geared around Mr. Pisani being the Plaintiff's police practice expert. While the Defendants are openly cynical of the Plaintiff's motives in attempting to abandon Mr. Pisani at this time (*e.g.*, they argue that his deposition demonstrated significant weaknesses in Mr. Pisani's ability to be a beneficial trial expert), they do not directly challenge the veracity of Mr. Pisani's sworn statements regarding his health, or the unsworn statements of Dr. Caracta outlining his restrictive advice to Mr. Pisani.

While the Court is somewhat troubled by the timing of the Plaintiff's request, it simply cannot ignore the Plaintiff's uncontested evidence relative to the health concerns raised by Mr. Pisani and his doctor. This does not mean, however, that the Defendants should suffer unduly from these unfortunate circumstances, which are wholly outside of their control. In this regard, there is no doubt that the Defendants would be prejudiced if the Plaintiff were permitted simply to swap experts at this late stage without any restriction or limitation. Fortunately, in her reply brief, the Plaintiff offers an appropriate

---

[1] In light of the nature of the Court's resolution, it need not engage in a lengthy discussion of the Defendants' various arguments in opposition to the Plaintiff's motion. Though it does not specifically acknowledge them herein, the Court has carefully considered each of the Defendants' arguments.

compromise given the circumstances of this case. In an effort to eliminate any prejudice to the Defendants, the Plaintiff offers not to use any police practice expert opinion for the purpose of responding to any motions for summary judgment; she asks only that she be given leave to use James O'Keefe as her police practice expert <u>at trial</u>, should the Court deny the remaining Defendants' requests for summary judgment.[2]

Given Mr. Pisani's unique health concerns, the Court concludes that the most reasonable compromise is to allow the Plaintiff to substitute James O'Keefe for Angelo Pisani (as the Plaintiff's police practice expert), but, as the Plaintiff suggests, to prohibit the Plaintiff from relying on Mr. Pisani's report or testimony in opposing any summary judgment motions. The Defendants, however, are not so limited. Accordingly, subject to the above-mentioned restrictions, the Plaintiff's Motion to Substitute is **GRANTED**. The Plaintiff shall be permitted to substitute James O'Keefe for Angelo Pisani as her police practice expert <u>for trial purposes only</u>. The Plaintiff is prohibited from relying on opinions or testimony of Angelo Pisani and Dr. James O'Keefe in responding to any summary judgment motions filed by the Defendants.

**IT IS SO ORDERED.**

                                                        <u>s/Kathleen M. O'Malley</u>
                                                        **KATHLEEN McDONALD O'MALLEY**
                                                        **UNITED STATES DISTRICT JUDGE**

**Dated: November 9, 2007**

---

[2] Of note, this position reverses the Plaintiff's argument in her initial brief that the new expert's opinion is "necessary as a part of a response to any dispositive motion." Doc. 59 at p. 2.